IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10797
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK ARNOLD GRAY;
LARRY WAYNE WALKER,

Defendants-Appellants.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:95-CR-45
- - - - - - - - - - -
July 11, 1996

Before HIGGINBOTHAM, EMILIO M. GARZA and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

The Government argues that the evidence should be reviewed
for plain error because the appellants did not reurge their
motion for acquittal at the conclusion of the evidence.

We reject the Government's argument because the record
reflects that the parties and the district court agreed that the
appellants' motion for acquittal made at the close of the

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Government's case would be considered as having been reurged at the conclusion of all evidence.

Derrick Arnold Gray and Larry Wayne Walker argue that the evidence was insufficient to support their convictions for carjacking because the Government failed to prove that the carjacked vehicle had been transported, shipped, and received in interstate commerce.

We have reviewed the record, including the trial transcripts, the district court's rulings, and the briefs of the parties, and find that the appellants' carjacking convictions should be affirmed.

Viewing the evidence in the light most favorable to the verdict, a rational jury could have found beyond a reasonable doubt that the carjacked vehicle had been transported in interstate commerce. See United States v. Johnson, 22 F.3d 106, 108-09 (6th Cir. 1994).

The appellants have abandoned on appeal their argument that the district court erred in denying their motion to dismiss the indictment because the Government failed to show that the offenses committed by the appellants had a direct effect on interstate commerce. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.